IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD E. HAWKINS, JR.,

        Plaintiff,

Vs.                                                                         No. 09-3116-SAC

CARL LEMONS, FONGVILAY
PHOMMACHANH, et al.,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff is an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas, and he brings a civil rights complaint (Dk. 1) seeking relief under 42 U.S.C. § 1983 and asks to proceed without payment of fees (Dk. 2). The complaint names as defendants, Carl Lemons and Fongvilay Phommachanh, both of whom are identified as police officers for the City of Wichita, Kansas, and are sued in their individual and official capacities; "John & Jane Doe's"; and "Denny's Co. Inc., Food corporation of America." (Dk. 1).

For the factual background of his lawsuit, the plaintiff pleads that on "March 12, 2006, due to the "negligence" of agents of the Wichita Police Department," the defendants "attacked" him because he was African-American. The plaintiff alleges the defendants ran after him, shot

him in the back, and kicked him.  The plaintiff further alleges that in the state criminal case, *State v. Hawkins, Jr.*, No. 06-CR-665, the defendants Carl Lemons and Fongvilay Phommachanh conspired to commit fraud and testified falsely to the plaintiff shooting at them, to the plaintiff having a gun which they "planted at the crime scene," and to the cause for shooting the plaintiff.  The plaintiff seeks to recover monetary and punitive damages for permanent physical injuries and for the deprivation of his civil rights.

As for his causes of action, the plaintiff groups his allegations into three counts:  1) Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985) based on the false testimony offered in the state criminal case; 2) Eighth Amendment violation (cruel and unusual punishment) and Equal Protection violation based on shooting the plaintiff with the intent to kill because he was a black male and based on his ongoing suffering due to the injuries and lack of medical care; and 3) Due Process violation based on the defendants shooting the plaintiff without cause.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

The plaintiff seeks to proceed without payment of fees (Dk. 2), and attaches the required inmate account statement.  By statute, 28 U.S.C. § 1915(b)(1), an inmate is still "required to pay the full amount of a filing

fee." Leave to proceed in forma pauperis only entitles the inmate to go forward with the action without prepayment of the full filing fee. The inmate satisfies the filing fee through payments deducted automatically from the inmate's trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Additionally, the court must assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. From the plaintiff's account records, the court finds the average monthly deposit to plaintiff's account is $ 234.53, and the average monthly balance is $ 100.95. The court therefore assesses an initial partial filing fee of $46.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. The plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. Should the plaintiff fail to pay the initial fee within the allotted time, the court may dismiss the action without further notice.

**SCREENING**

Because Mr. Hawkins is a prisoner, the court is required to screen his complaint and to dismiss it or any portion thereof that is

frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); and 42 U.S.C. § 1997e(c). A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The court accepts all well-pleaded allegations in the

complaint as true and considers them in the light most favorable to the non-movant. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having screened the plaintiff's filed pleadings, the court finds the complaint is subject to dismissal for the following reasons.

Dismissal sua sponte under § 1915 for a statute of limitations bar is appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 549 U.S. 1059, *rehearing denied*, 550 U.S. 953 (2007). "In other words, a complaint may not be dismissed by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts." *Id.* Thus, if from the plaintiff's allegations as tendered, it is patently clear that the circumstances would not permit tolling, the court may dismiss the complaint as barred by the statute of limitations. *Id.* at 1258-59; *see Jones*

5

*v. Bock*, 549 U.S. 199, 214 (2007) (If the plaintiff's allegations taken as true "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

The applicable statute of limitations in §§ 1983 and 1985 actions is determined from looking at the appropriate state statute of limitations and governing tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While the length of the limitations period is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id*. at 388 (internal

quotation marks and citation omitted).  "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle*, 435 F.3d at 1258 (internal quotation marks and citation omitted).  The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), established a rule of "deferred accrual" for some actions:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-487 (footnote omitted); *see Wallace v. Kato*, 549 U.S. at 392-393.  The Court in *Wallace* elucidated "that the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.' It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn."  549 U.S. at 393.

**DEFENDANTS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Section 1983 liability arises only from conduct occurring under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n. 18 (1982). While the plaintiff summarily alleges the named defendant, "Denny's Co. Inc., Food corporation of America" acted under color of state law, the complaint is devoid of any factual allegations tending to show that this private corporation assumed or was delegated any governmental authority as to become a state actor. The Tenth Circuit recently noted that a plaintiff's:

> civil right claims . . . do not create causes of action against private corporations. *See* 42 U.S.C. § 1983 (authorizing suit against person acting "under color of" state law); *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (state action doctrine requires that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor") (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *Brown v. Reardon*, 770 F.2d 896, 906 (10th Cir.1985) ("[A]n alleged conspiracy to infringe [constitutional] rights is not a violation of § 1985(3) unless it is proved that the state is

8

involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state") (quoting *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 830 (1983)); *Stone v. Elohim, Inc.*, 2009 WL 1991392 at *1 (10th Cir. 2009). This defendant shall be dismissed from the action.

The plaintiff also names as defendants, "John and Jane Doe's," but he does not allege any supporting facts to suggest who they might be, what they did or did not do, and what connection they might have to any of the causes of action. This pleading states no claim against a "Doe" defendant and will not survive dismissal. The plaintiff must identify these "Doe" defendants with some listing of title or other descriptive information. The plaintiff must allege facts demonstrating how each defendant personally participated in the asserted constitutional violations. Personal participation or an "affirmative link" is an essential allegation in a civil rights action. *See Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).

Finally, the plaintiff's complaint includes an isolated allegation of ongoing physical suffering without adequate medical care, but he does not name any defendant responsible or liable for the same. There are no allegations that anyone failed to render necessary medical care. There is no actionable constitutional violation without an allegation that the

9

deprivation was by a "person" under color of state law. The court will not assume the role of fashioning allegations or assuming the identities of any possible defendants. Without named defendants, this claim is subject to dismissal.

## STATUTE OF LIMITATIONS BAR

On the face of his complaint, the plaintiff alleges the named defendant officers on March 12, 2006, violated his constitutional rights in pursuing him because of his race, in shooting him and using excessive force in the arrest. As discussed above, the applicable statute of limitations is two years. The plaintiff filed his civil rights complaint on June 4, 2009, more than three years after the alleged violations occurring on March 12, 2006. There is nothing of record to suggest any facts to support statutory or equitable tolling.[1] It is obvious from the face of the plaintiff's complaint that his §§ 1983 and 1985 claims filed for the officers' actions taken on

---

[1] "The statute can be tolled for inmates 'imprisoned for a term less than [their] natural life' if they do not have 'access to the court for purposes of bringing an action,' Kan. Stat. Ann. § 60-515(a)." *Tillman v. Creighton*, 248 Fed. Appx. 970, 972, 2007 WL 2827659 at * 2 (10th Cir. 2007). The complaint offers no suggestion that the plaintiff lacked access to the courts. Indeed, the plaintiff filed this action while in the custody of the Kansas Department of Corrections. Should there be any factual basis for tolling, the plaintiff will have that opportunity in responding to this order.

March 12, 2006, were not timely filed and are barred by the statute of limitations.

**PREMATURE CLAIMS**

As far as the plaintiff's claims that the defendant officers testified falsely and planted evidence, the court dismisses them without prejudice pursuant to *Heck*. *See Ames v. Oklahoma*, 158 Fed. Appx. 114, 2005 WL 3307433 at *2 (10th Cir. 2005) (affirmed dismissal of claims, *inter alia*, for giving of false testimony and for planting evidence). Because a judgment for the plaintiff on either allegation "would necessarily imply the invalidity of his conviction," these causes of action do not accrue until the conviction or sentence is invalidated. *Heck*, 512 U.S. at 487; *Parris v. United States*, 45 F.3d 383, 384-85 (10th Cir.) (dismissing pursuant to *Heck* allegations that the government's evidence was fabricated and false, and that the government's witnesses were lying), *cert. denied*, 514 U.S. 1120 (1995). The plaintiff has not alleged or shown that his state convictions have been invalidated, and publicly available records show the plaintiff has not obtained such relief. *State v. Hawkins*, 40 Kan. App. 2d 10, 188 P.3d 965 (2008), *rev. denied*, --- Kan. --- (Jan. 22, 2009). Thus, the plaintiff's claims are barred until he can demonstrate his conviction has

been reversed, set aside, or otherwise invalidated.

The court will give the plaintiff thirty days from the filing date of this order to allege additional facts to cure the pleading deficiencies as to the parties and to assert any facts to support tolling the limitations period or overcoming the deferred accrual rule in *Heck*. If the plaintiff fails to submit a "Supplement to Complaint" within the prescribed thirty-day period, the court will dismiss this action without prejudice and without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted thirty days from the filing date of this order in which to submit to the court an initial partial filing fee of $46.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

IT IS FURTHER ORDERED that the plaintiff is granted thirty days from the filing date of this order to file a "Supplement to Complaint" and memorandum to show cause why this action should not be dismissed for failure to state a claim on which relief may be granted.

Dated this 12th day of August, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge