IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD E. HAWKINS, JR.,

        Plaintiff,

Vs.                        No. 09-3116-SAC

CARL LEMONS, FONGVILAY
PHOMMACHANH, et al.,

        Defendants.

MEMORANDUM AND ORDER

      On August 12, 2009, this court filed a memorandum and order after performing its required screening of the plaintiff prisoner's complaint. (Dk. 4).  The court found that the complaint did not allege actionable constitutional claims specific against Denny's Co., Inc. or the "John and Jane Does," and that it did not name responsible parties or include specific allegations concerning any claim for adequate medical care.  The court also held that the plaintiff's claims for the use of excessive force on March 12, 2006, were barred as untimely absent some factual basis for tolling. Finally, the court dismissed the claims for false testimony and planting of evidence as subject to the deferred accrual rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The court gave the plaintiff thirty days to file both a "Supplement to Complaint" and therein "allege additional facts to cure the

pleading deficiencies as to the parties and to assert any facts to support tolling the limitations period or overcoming the deferred accrual rule in *Heck*" and a "memorandum to show cause why this action should not be dismissed for failure to state a claim on which relief may be granted." (Dk. 4, p. 12).

In response, the plaintiff has filed a pleading he entitles "Supplemental/Amendment Memorandum to Show Cause" with a caption naming as the only defendants, "Carl Lemons, Fongvilay Phommachanh, in their individual and personal capacities."  (Dk. 5).  He alleges constitutional violations and seeks relief against these two named defendants for shooting him on March 12, 2006.  The plaintiff denominates an Eighth Amendment claim "based on" the shooting, on the ongoing suffering from a bullet lodged in his body, and "on a lack of medical care."  (Dk. 5, p. 2). The plaintiff voluntarily dismisses without prejudice his claims against "John and Jan Does" and Denny's Co. Inc.  He also voluntarily dismisses his claims against the named defendant officers for testifying falsely at trial and for taking any other action which would necessarily imply the invalidity of his conviction and run afoul of the deferred accrual rule.

On the issue of tolling the limitations period, the plaintiff alleges

he didn't discover his § 1983 cause of action until June 4, 2009, over three years after the shooting.  At that time, the plaintiff says he discovered K.A.R. 44-12-702 on receiving assistance in legal matters from other inmates and the state procedural statute, K.S.A. 60-206, on the enlargement of time.  The plaintiff remarks that even if he had known how to file a civil rights action, he could not have filed one until after his state conviction had become final in January of 2009.  The plaintiff says he was placed in the infirmary due to temporary paralysis caused by the bullet lodged next to his spine.  The plaintiff also explains that his injury kept him from sitting for long periods which limited his access to the prison law library and thereby his access to the court for bringing this action.  The plaintiff also offers the conclusory allegation that his injury did not allow him access to the court for the purpose of bringing this action.

Finally, the plaintiff includes some allegations on the lack of adequate medical care at the Sedgwick County Jail and at the Hutchinson Correctional Facility.  He alleges that the Jail deliberately ignored his serious medical needs, left him in bed in his waste because of his temporary paralysis, and required him to walk with a cane rather than use a wheelchair.  With regards to the treatment at the prison, the plaintiff alleges

3

the Warden Sam Cline has refused him the opportunity to see a specialist for the removal of the bullet and has assigned him to work that requires standing all day.

**TOLLING THE LIMITATIONS PERIOD**

By statute, K.S.A. § 60-515(a), the statute of limitations is tolled for an inmate who is "imprisoned for a term less than such person's natural life" but only if the inmate was denied "access to the court for purposes of bringing an action."  The accrual of a federal civil rights claim is a matter of federal law with the rule being that an "action accrues when facts that would support a cause of action are or should be apparent."  *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks and citations omitted).  As for the allegations surrounding the shooting, there is nothing to show that the plaintiff did not know the facts as they happened. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

As of March 12, 2006, the plaintiff knew his constitutional rights were allegedly violated when officers purportedly used excessive force and

4

shot him during an arrest.  The plaintiff's incomplete understanding of the legal issues and his lack of knowledge about receiving inmate assistance on legal matters are not proper grounds for tolling the limitations period. They do not show a denial of access to the courts.  *See, e.g.*, *Willis v. Eight or More Unknown Named Agents of F.B.I.*, 69 F.3d 549, 1995 WL 395755, at *2 (10th Cir. 1995) (Table).  For that matter, the pendency of the state criminal prosecution did not prevent the plaintiff from at least filing his civil rights claims not falling under the deferred accrual rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

The defendant's bare allegations of additional medical complications from his injury and a temporary stay in the infirmary do not tend to show that he was denied access to the courts for the purpose of bringing an action.  It can be reasonably accepted that the plaintiff's physical problems may have made any effort to bring an action more challenging.  The court, however, does not believe these physical difficulties amount to a denial of access to the courts.  The plaintiff has not alleged how his condition kept him from obtaining a civil rights complaint form, completing it, and sending it to the courts.  "[A] prisoner has access to the courts when he is able to file a complaint."  *Cameron v. Stotts*, 43

5

F.3d 1482, 1994 WL 697385 at *1 (10th Cir. 1994) (citations omitted)
(Table).  The bare allegation "of pain and medication is insufficient to
warrant tolling."  *Baker v. Williams*, 2007 WL 1343683 at *1 (D. Kan. 2007).
There is nothing in the plaintiff's allegations from which to infer that his
incarceration and treatment in either facility actually or effectively denied
him access to the courts.  At most, the plaintiff's allegations only show
some possible difficulties with exercising that access to the courts.  In his
supplement, the plaintiff has not alleged any viable factual grounds for
tolling the statute of limitations.  Taking the plaintiff's allegations as true, his
§ 1983 and § 1985 claims for relief based on the shooting on March 12,
2006, are barred by the applicable two-year statute of limitations.

**LACK OF ADEQUATE MEDICAL CARE**

The plaintiff's supplement is unclear as to whether he is
bringing any separate claim for inadequate medical care.  Assuming that is
his intent, the plaintiff has not added nor named any proper defendant
regarding his medical care and treatment at the Sedgwick County Jail.  The
jail itself is not a "person" that can be sued under § 1983.  *See Owens v.
Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003), *Aston v.
Cunningham*, 216 F.3d 1086, 2000 WL 796086, at *4 n.3 (10th Cir. Jun. 21,

6

2000) (Table), *Johnson v. Gilchrist*, 2009 WL 1033755, at *3 (D. Kan. 2009).  The court also finds that any claim concerning current medical care against the warden of Hutchinson Correctional Facility would not be properly joined to this action pursuant to Fed. R. Civ. P. 20(a)(2).  Any right to relief here asserted against the warden does not have any questions of law or fact common to the claims initially filed in this action.  The plaintiff's allegations of inadequate medical care against the warden are factually separable from the shooting claims in that they occurred at different times and in different places and involved different participants and different manners of violation.  Permissive joinder of these claims would not be proper.  "To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate actions would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be a 'strike' under 28 U.S.C. §  1915(g)."  *Green v. Denning*, 2009 WL 484457, at *3 (D. Kan. 2009).

IT IS THEREFORE ORDERED that the action is dismissed for failure to state a federal constitutional claim and other reasons as stated

above and in the court's Memorandum and Order dated August 12, 2009;

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to

Proceed in forma pauperis (Dk. 2) is granted.[1]

Dated this 30th day of September, 2009, Topeka, Kansas.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

---

[1]Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.